FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

99 FEB -5 AM 10: 12

CLERK US DISTRICT COURT
MIDDLE DIST OF FLORIDA

Case No. 99-80-CIV-FTM-22D

P. TAVILLA CO., INC.
1245 N.W. 21st Street
Miami, Florida 33142
(305) 524-6586

      Plaintiff

 v.

FRANCES OAKES, JR.,
 individually and d/b/a
OAKES FARM MARKET
1709 NE 7th Street
Cape Coral, Florida 33909
(941) 732-0144

 and

FRANCIS OAKES, III,
 individually and d/b/a
OAKES FARM MARKET
2733 Edison Avenue
Ft. Myers, Florida 33901
(941) 732-0144

      Defendants
_____/

## COMPLAINT
(To Enforce Payment From Produce Trust)

P. Tavilla Co., Inc. ("plaintiff"), for its complaint against defendants, alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "the PACA"), 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. Venue in this District is based on 28 U.S.C. § 1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principal place of business is in this District.

## PARTIES

3. Plaintiff, a Florida corporation with its principal place of business in Miami, Florida, is engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

4. Defendants, Francis Oakes, Jr., and Francis Oakes, III, upon information and belief, are individuals who conduct business as Oakes Farm Market in Naples, Florida and were at all times pertinent herein, dealers and commission merchants and subject to the PACA.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6. Between September 22, 1999 and January 6, 1999, plaintiff sold and delivered to defendants, in interstate commerce, $28,820.25 worth of produce.

7. Defendants accepted the produce from plaintiff.

8. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists

of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $28,820.25 and remains a beneficiary until full payment is made for the produce.

10. Between November 30, 1999 and January 4, 1999, Defendants tendered five (5) checks totaling $16,575.00 to plaintiff, which were returned by the bank for insufficient funds.

11. Defendants' failure and inability to pay and the passing of five (5) insufficient funds checks indicate that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

## Count 1

(Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendants to make payment to plaintiff of trust funds in the amount of $28,820.25 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $28,820.25 to plaintiff.

## Count 2

(Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiff $28,820.25 owed to plaintiff for produce received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $28,820.25 against the defendants, jointly and severally.

## Count 3

(Unlawful Dissipation of Trust Assets -- Francis Oakes, Jr.)

16. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant Francis Oakes, Jr. failed to fulfill his statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

18. Defendant Francis Oakes, Jr.'s failure to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets.

19. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Francis Oakes, Jr. in the amount of $28,820.25.

Count 4

(Failure to Pay Trust Funds--
Francis Oakes, Jr.)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendant Francis Oakes, Jr. was a dealer and commission merchant subject to the PACA.

22. Defendant Francis Oakes, Jr.'s failure to make payment to plaintiff of trust funds in the amount of $28,820.25 is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests judgment against Francis Oakes, Jr. in the amount of $28,820.25 and an order against defendant Francis Oakes, Jr. enforcing payment from the trust in said amount.

Count 5

(Unlawful Dissipation of Trust Assets -- Francis Oakes, III)

23. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 22 above as if fully set forth herein.

24. Defendant Francis Oakes, III failed to fulfill his statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

25. Defendant Francis Oakes, III's failure to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets.

26. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Francis Oakes, III in the amount of $28,820.25.

### Count 6

(Failure to Pay Trust Funds--
Francis Oakes, III)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. Defendant Francis Oakes, III was a dealer and commission merchant subject to the PACA.

29. Defendant Francis Oakes, III's failure to make payment to plaintiff of trust funds in the amount of $28,820.25 is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests judgment against Francis Oakes, III in the amount of $28,820.25 and an order against defendant Francis Oakes, III enforcing payment from the trust in said amount.

### Count 7

(Interest and Attorney's Fees)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. As a result of defendants' failure to make full payment promptly of $28,820.25, plaintiff has lost the use of said money.

32. As a further result of defendants' failure to make full payment promptly of $28,820.25, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 5th day of February, 1999

| McCARRON & ASSOCIATES | ROETZEL & ANDRESS |
|---|---|
| By: _[signature]_ | _[signature]_ |
| Stephen P. McCarron | Carolann A. Swanson |
| Louis W. Diess, III | ~~2080 McGregor Blvd., 3rd Floor~~ 2320 First Street |
| 4455 Connecticut Ave., N.W. | Ft. Myers, FL 33901 |
| Washington, DC 20008 | (941) 337-3850 - Telephone |
| (202) 364-0400 | (941) 337-0970 - Facsimile |
| Attorneys for Plaintiffs | Florida Bar No. 0888737 |
| Trial Counsel | |